UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>v.<br>GEORGE ABOAGYE,<br>Defendant. | Case No. 24-cr-00081-RFL-1<br>**ORDER REQUIRING SUPPLEMENTAL FILING**<br>Re: Dkt. No. 186 |

Petitioner George Aboagye pled guilty to money laundering in violation of 18 U.S.C. Section 1956(a)(1)(B)(i) and was sentenced accordingly. Aboagye has now moved under 18 U.S.C. Section 2255 to vacate, set aside, or correct that sentence.

In his motion, Aboagye asserts that his attorney "failed to file a notice of appeal when specifically instructed to and instead cut all communication in an attempt to miss the deadline." (Dkt. No. 186 at 4.) Where "an attorney performed deficiently in failing to file a notice of appeal despite the defendant's express instructions, prejudice is presumed 'with no further showing from the defendant of the merits of his underlying claims.'" *Garza v. Idaho*, 586 U.S. 232, 247 (2019) (quoting *Roe v. Flores-Ortega*, 528 U.S. 470, 484 (2000)). This is true even where the defendant has waived their right to appeal, as Aboagye has done here. *See United States v. Sandoval-Lopez*, 409 F.3d 1193, 1198 (9th Cir. 2005); *see also* Dkt. No. 145 at 5. "If a defendant, even one who has expressly waived his right to appeal, files a habeas petition after sentencing and judgment claiming that he ordered his attorney to appeal and his attorney refused to do so, two things can happen." *Sandoval-Lopez*, 409 F.3d at 1198. First, the "court can hold an evidentiary hearing to decide whether petitioner's allegation is true, and if it is, vacate and

reenter the judgment, allowing the appeal to proceed." *Id.* Or second, "if the state does not object, the district court can vacate and reenter the judgment without a hearing and allow the appeal to proceed, assuming without deciding that the petitioner's claim is true." *Id.*

The government must therefore decide whether it will continue to oppose Aboagye's claim on this issue. If it maintains its opposition, the Court will order the government to obtain a declaration from Aboagye's counsel addressing (1) whether Aboagye in fact told his counsel to file an appeal, and (2) whether counsel then refused to file an appeal on Aboagye's behalf. If Aboagye's counsel disputes his account, the Court will then hold an evidentiary hearing for the limited purpose of determining whether Aboagye in fact asked his counsel to file a notice of appeal. Alternatively, if the government does not object to vacating and reentering judgment, the Court will do so, assuming without deciding that the claim is true, and will dismiss the remaining claims in Aboagye's Section 2255 motion without prejudice.

The government is **ORDERED** to inform the Court how it would like to proceed with respect to Aboagye's claim of ineffective assistance of counsel for disregarding Aboagye's request to file a notice of appeal, pursuant to *Sandoval-Lopez*, 409 F.3d 1193. The government's filing is due **September 1, 2026**.

**IT IS SO ORDERED.**

Dated: August 18, 2026

RITA F. LIN
United States District Judge